## 2016-066

CAUSE NO._____

| | | |
|---|---|---|
| **JUAN M. CAMACHO AND ALICIA HERNANDEZ CAMACHO,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | **SHACKELFORD COUNTY, TEXAS** |
| | § | |
| **STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY AND JENNIFER STIVERS,** | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Juan M. Camacho and Alicia Hernandez Camacho ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of State Auto Property & Casualty Insurance Company ("State Auto") and Jennifer Stivers ("Stivers") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.



EXHIBIT

A-1

## PARTIES

2.  Plaintiffs Juan M. Camacho and Alicia Hernandez Camacho are individuals residing in Shackelford County, Texas.

3.  Defendant State Auto is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.  Defendant Jennifer Stivers is an individual residing in and domiciled in the State of Indiana. This defendant may be served with personal process by a process server at her place of residence at 710 Bur Oak Ct. W, Lafayette, Indiana 47909.

## JURISDICTION

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $100,000 but not more than $200,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.  The Court has jurisdiction over Defendant State Auto because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.  The Court has jurisdiction over Defendant Stivers because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.  Venue is proper in Shackelford County, Texas, because the insured property is situated in Shackelford County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Auto.

10. Plaintiffs own the insured property, which is specifically located at 916 Rambler Street, Albany, Texas 76430, in Shackelford County (hereinafter referred to as "the Property").

11. State Auto sold the Policy insuring the Property to Plaintiffs.

12. On or about May 6, 2015, a hail storm and/or windstorm struck Shackelford County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. For example, Plaintiffs' windows and siding suffered damages. After the storm, Plaintiffs filed a claim with their insurance company, State Auto, for the damages to their home caused by the Storm.

13. Plaintiffs submitted a claim to State Auto against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14.     Plaintiffs asked that State Auto cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15.     Defendant State Auto assigned Defendant Stivers as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. Stivers conducted a substandard inspection of Plaintiffs' property. The inadequacy of Stivers' inspection is evidenced by her report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Stivers omitted some of the interior damages from her report. Moreover, Stivers both underestimated and undervalued the cost of repairs to the damaged items that she did include in the estimate. Furthermore, Stivers' estimate underpriced the cost of materials required for necessary repairs. Ultimately, Stivers' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Stivers' inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.     Together, State Auto and Stivers set about to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to repair their home, the claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the insurance policy.

17.   As detailed in the paragraphs below, State Auto wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, State Auto underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18.   To date, State Auto continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19.   Defendant State Auto failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  State Auto's conduct constitutes a breach of the insurance contract between State Auto and Plaintiffs.

20.   Defendants State Auto and Stivers misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants State Auto's and Stivers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).

21.   Defendants State Auto and Stivers failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Auto's and Stivers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22.   Defendants State Auto and Stivers failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Auto and Stivers failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Auto and Stivers did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Auto's and Stivers' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.   Defendants State Auto and Stivers failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Auto and Stivers. Defendants State Auto's and Stivers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.   Defendants State Auto and Stivers refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Auto and Stivers failed to conduct a reasonable investigation. Specifically, Defendants State Auto and Stivers performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Auto's and Stivers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.   Defendant State Auto failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.   Defendant State Auto failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27.   Defendant State Auto failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.   From and after the time Plaintiffs' claim was presented to Defendant State Auto, the liability of State Auto to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Auto has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Auto's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     Defendants State Auto and Stivers knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30.     As a result of Defendants State Auto's and Stivers' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31.     Plaintiffs' experience is not an isolated case.   The acts and omissions State Auto committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Auto with regard to handling these types of claims.   State Auto's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT STIVERS
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

32.     Defendant State Auto assigned Defendant Stivers to adjust the claim.  Defendant Stivers was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During her investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.   The adjuster also omitted covered damages from her report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33.   Defendant Stivers' conduct constitutes multiple violations of the Texas Insurance Code,
      Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this
      article are made actionable by TEX. INS. CODE §541.151.

34.   Defendant Stivers is individually liable for her unfair and deceptive acts, irrespective of
      the fact she was acting on behalf of State Auto, because she is a "person" as defined by
      TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual,
      corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan,
      fraternal benefit society, or other legal entity engaged in the business of insurance,
      including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.
      CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v.
      Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance
      company employee to be a "person" for the purpose of bringing a cause of action against
      him or her under the Texas Insurance Code and subjecting him or her to individual
      liability)).

35.   Falsehoods and misrepresentations may be communicated by actions as well as by the
      spoken word; therefore, deceptive conduct is equivalent to a verbal representation.
      Defendant Stivers' misrepresentations by means of deceptive conduct include, but are not
      limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs'
      damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3)
      using their own statements about the non-severity of the damage as a basis for denying
      properly covered damages and/or underpaying damages; and (4) failing to provide an
      adequate explanation for the inadequate compensation Plaintiffs received.   Defendant
      Stivers' unfair settlement practice, as described above and the example given herein, of

misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Stivers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Stivers failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement. Specifically, Defendant Stivers failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did she provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Stivers as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Stivers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant Stivers did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Auto. Defendant Stivers' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

40. Plaintiffs are not making any claims for relief under federal law.

## FRAUD

41. Defendants State Auto and Stivers are liable to Plaintiffs for common law fraud.

42. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Auto and Stivers knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

44. Defendants State Auto and Stivers are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Auto and Stivers were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by

unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Auto and Stivers committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE AUTO ONLY

45.   Defendant State Auto is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

46.   Defendant State Auto's conduct constitutes a breach of the insurance contract made between State Auto and Plaintiffs.

47.   Defendant State Auto's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Auto's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.   Defendant State Auto's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.   Defendant State Auto's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50. Defendant State Auto's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Auto's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51. Defendant State Auto's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52. Defendant State Auto's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53. Defendant State Auto's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54. Defendant State Auto's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55.     Defendant State Auto's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.     Defendant State Auto's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

57.     Defendant State Auto's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

58.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Stivers is an agent of State Auto based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.     Separately, and/or in the alternative, as referenced and described above, State Auto ratified the actions and conduct of Stivers including the completion of her duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.     Defendant State Auto's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.     Defendant State Auto's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Auto knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

63.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

64.     As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant State Auto's and Stivers' mishandling of Plaintiffs' claim in violation of the laws set forth above.

65.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

66.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

71. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Shackelford County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

72.   *Plaintiffs' Request for Disclosure to Defendant State Auto Property & Casualty Insurance Company* is attached as "Exhibit A." *Plaintiffs' Request for Disclosure to Defendant Jennifer Stivers* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

    /s/ Gregory F. Cox
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen
State Bar No. 24069898
3810 W. Alabama St.
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**